IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF TEXAS
CORPUS CHRISTI DIVISION

| | | |
|---|---|---|
| UNITED STATES OF AMERICA, | § | |
|     Plaintiff/Respondent, | § | |
| | § | |
| V. | § | CR. No. C-05-521 |
| | § | C.A. No. 06-523 |
| | § | C.A. No. 06-518 |
| SANTIAGO FLORES-LORENZO, | § | |
|     Defendant/Movant. | § | |

**MEMORANDUM OPINION AND ORDER OF CONSOLIDATION,
ORDER FOR MOVANT TO SUPPLEMENT MOTION,
ORDER FOR GOVERNMENT TO RESPOND,
AND ORDER DENYING WITHOUT PREJUDICE
MOTION FOR TRANSCRIPTS AT GOVERNMENT EXPENSE**

Santiago Flores-Lorenzo ("Flores-Lorenzo") was sentenced by this Court on March 23, 2006, and judgment was entered on March 27, 2006. (D.E. 35, 40).[1] On November 20, 2006, the Clerk received Movant Santiago Flores-Lorenzo's ("Flores-Lorenzo's") motion to vacate, set aside or correct sentence pursuant to 28 U.S.C. § 2255. (D.E. 43). The following day, the Clerk received from Flores-Lorenzo a document titled "In Re: Abandonment of Notice of Appeal By Defense Counsel Mr. Fred Jimenez; Request for Plea/Sentencing Transcripts Under 28 U.S.C. § 753(f); Leave to Proceed pro se Under 28 U.S.C. § 2255." (D.E. 42).

---

[1] Docket entry references are to the criminal case, Cr. No. C-05-521.

### I.      Order of Consolidation

As an initial matter, the Court notes that the motion styled as a § 2255 (D.E. 43), and the motion received the following day, which was actually docketed first (D.E. 42), were each treated as a § 2255 motion and assigned a civil case number. In fact, however, the claim in D.E. 42 is the same as one in D.E. 43, and the two documents should therefore should be treated as a single § 2255 motion with a single civil case number. Accordingly, the two civil actions are hereby consolidated into a single civil action, C.A. No. C-06-518. Docket entry 43, styled as a § 2255 motion, should be docketed in the earlier case number, and this order should be docketed in both civil cases. Additionally, the more recent civil case (C.A. No. C-06-523) should be administratively closed.

### II.     Motion Titled "In Re Abandonment of Notice of Appeal"

In his second motion, Flores-Lorenzo makes several requests and allegations. First, he reiterates the claim in his § 2255 motion that his appointed counsel, Fred Jimenez, rendered ineffective assistance because he "abandoned" Flores-Lorenzo on appeal. (D.E 42 at 1,2). Flores-Lorenzo also asks for free copies of the transcripts of his plea colloquy and his sentencing. He explains that he is filing a "'bare bones' 28 U.S.C. § 2255 in order to meet the filing requirement for provision of transcripts." (D.E. 42 at 3). Finally, he asks for leave to amend and to prepare and file a supporting memorandum.

####        A.      Motion for Leave to Supplement and Briefing Order

Flores-Lorenzo's request for leave to file a supporting memorandum is GRANTED. Flores-Lorenzo shall file his memorandum not later than 45 days after entry of this Order. It is further ORDERED that the United States shall answer the § 2255 motion not later than sixty days after service of Flores-Lorenzo's supplemental memorandum. It is further ORDERED that the United States provide, at the time of its answer, transcripts of all pertinent proceedings that are not already part of the record. Relevant affidavits, if any, are also to be filed with the answer.

Pursuant to Rule 5(d) of the RULES GOVERNING SECTION 2255 PROCEEDINGS FOR THE UNITED STATES DISTRICT COURTS (2005), Flores-Lorenzo may file a reply not later than thirty days after service of the government's answer.

**B.    Motion for Transcripts**

As to Flores-Lorenzo's request for his sentencing and rearraignment transcripts, an indigent defendant has a statutory right to free transcripts in particular circumstances. See 28 U.S.C. § 753(f); United States v. MacCollum, 426 U.S. 317 (1976). The defendant must, however, establish that the transcripts are needed to decide an issue in a pending suit and that the suit is not frivolous. 28 U.S.C. § 753(f).

Flores-Lorenzo has not shown that the transcripts are needed to decide an issue in his pending suit and that the suit is not frivolous. On the issue of whether his § 2255 motion is frivolous, it is worth noting that Flores-Lorenzo pleaded guilty pursuant to a written plea agreement containing a waiver of his right to appeal and to file a § 2255 motion. (D.E. 30

at ¶ 7).[2]  Notably, Flores-Lorenzo was present at both his rearraignment and his sentencing and does not need the transcript to adequately set forth his claims.  Accordingly, his motion for transcripts is DENIED WITHOUT PREJUDICE at this time.

If, after receiving the government response, the Court finds that either the rearraignment or sentencing transcript will be needed to determine an issue in Flores-Lorenzo's § 2255 motion, it will reconsider its ruling at that time.

### III.   Conclusion

For the reasons set forth above, Flores-Lorenzo's motion to supplement his motion with a supporting memorandum is GRANTED and he shall file his memorandum not later than 45 days after entry of this Order.  Additionally, the briefing schedule in this matter is ORDERED as set forth in Section II.A. above.  Finally, Flores-Lorenzo's motion for free transcripts  is DENIED WITHOUT PREJUDICE.

ORDERED this 29th day of November, 2006.

_____
HAYDEN HEAD
CHIEF JUDGE

---

[2] Flores-Lorenzo argues that the waiver is inapplicable in his case for a number of reasons. (See D.E. 42 at 3-4).