IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF TEXAS
CORPUS CHRISTI DIVISION

| | | |
|---|---|---|
| UNITED STATES OF AMERICA, | § | |
| | § | |
| Plaintiff/Respondent, | § | |
| | § | CR. No. C-05-521 (1) |
| V. | § | C.A. No. C-06-523 |
| | § | |
| SANTIAGO FLORES-LORENZO, | § | |
| | § | |
| Defendant/Movant. | § | |

**MEMORANDUM OPINION AND ORDER
DISMISSING MOTION TO VACATE,
SET ASIDE OR CORRECT SENTENCE, AND
DENYING CERTIFICATE OF APPEALABILITY**

Pending before the Court is Santiago Flores-Lorenzo's ("Flores") motion to vacate, set aside or correct his sentence pursuant to 28 U.S.C. § 2255, which consists of two documents received by the Clerk on November 20, 2006 and November 21, 2006. (D.E. 42, 43.) Pursuant to the Court's order (D.E. 44), the two motions were combined and treated as a single § 2255 motion. The government has filed a response and motion to dismiss, in which it argues that Flores' motion is barred because of his valid waiver of § 2255 rights contained in his plea agreement. (D.E. 48, 49.) Alternatively, the government argues that Flores' claims should be denied before an evidentiary hearing, with the exception of his claim that his counsel failed to file an appeal, which would require a hearing. Prior to the filing of the government's response, Flores filed a supporting

1

memorandum. (D.E. 44.) He has also filed identical copies of his reply. (D.E. 50, 51.) The Court has considered all of these documents.

As discussed in more detail herein, the Court dismisses Flores' § 2255 motion because he validly waived his right to file the claims raised therein. Additionally, the Court denies Flores a Certificate of Appealability.

## I. JURISDICTION

The Court has jurisdiction over this matter pursuant to 28 U.S.C. § 1331.

## II. FACTS AND PROCEEDINGS

**A.    Summary of the Offense[1]**

On August 21, 2005, an Oldsmobile Cutlass containing three occupants entered the Falfurrias, Texas U.S. Border Patrol checkpoint for an immigration inspection. The driver was identified as Feliciana Manuel-Cruz, a resident alien from Mexico . The front seat passenger was identified as Rosalinda Flores, a U.S. citizen, and the backseat passenger was identified as Flores, a resident alien and Manuel-Cruz's husband. During the inspection, the drug service canine alerted to the front tire area of the vehicle. Once in secondary, the canine alerted to the right front firewall of the vehicle. A search revealed a total of 40 bundles of cocaine with a net weight of 20.11 kilograms and 82% purity. The cocaine had an estimated value of $1,574,400.00.

---

[1] The facts of the offense are taken from Flores' Presentence Investigation Report ("PSR") at ¶¶ 4, 5, 8.

Manuel-Cruz stated that on August 20, 2005, she, her daughter (Rosalinda Flores) and Flores drove from Dallas, Texas to Reynosa, Mexico for a quincienera. She reported that she had purchased the vehicle in Dallas, but once they arrived in Reynosa, they dropped off the vehicle at a mechanic shop due to the vehicle having ignition problems. Flores stated that at no time was the vehicle taken to a repair shop or left with another individual.

Agents with the Drug Enforcement Administration arrived and took custody of the case. Manuel-Cruz provided the agents with the same information that she had provided to U.S. Border Patrol. Flores stated that he and his wife had purchased the vehicle from a car lot in Dallas from Ruberto Valle, whose name was on the title of the vehicle. Flores reported that the vehicle was running well and had not had any repairs. A check on Valle revealed that he had been detained on October 14, 2004 in Braselton, Georgia in reference to a seizure of $105,539.00 which was found in a vehicle with hidden compartments. A records check was also conducted on Flores which revealed that Flores had been detained on December 22, 2003 in Winston-Salem, North Carolina in a seizure of $4,900.

During his presentence interview, defendant stated that he was transporting the cocaine to Dallas, Texas and was to be paid $5,000. The defendant stated that he believed he was transporting marijuana, not cocaine.

## B.     Criminal Proceedings

On September 14, 2005, Flores and Manuel-Cruz were both charged in a single-count indictment with aiding, abetting and assisting one another to knowingly and intentionally possess with intent to distribute approximately twenty kilograms of cocaine, in violation of 21 U.S.C. § 841(a)(1), 841(b)(1)(A) and 18 U.S.C. § 2. (D.E. 11.) On January 6, 2006, Flores pleaded guilty to the indictment pursuant to a written plea agreement. (See minute entry dated January 6, 2006; D.E. 30.) In exchange for his guilty plea and his waiver of appellate and § 2255 rights (discussed below), the government agreed to recommend that he receive the maximum credit for acceptance of responsibility and to recommend a sentence at the lowest end of the applicable guideline range. (D.E. 30 at ¶¶ 1-2.)

The plea agreement contained a voluntary waiver of Flores' right to appeal and to file a § 2255 motion:

> Defendant is aware that Title 18, U.S.C. § 3742 affords a defendant the right to appeal the sentence imposed. The defendant waives the right to appeal the sentence imposed or the manner in which it was determined. The defendant may appeal only (a) a sentence imposed above the statutory maximum; or (b) an upward departure from the Sentencing Guidelines which had not been requested by the United States, as set forth in 18 U.S.C. § 3742(b). Additionally, the defendant is aware that Title 28, U.S.C. § 2255, affords the right to contest or "collaterally attack" a conviction or sentence after the conviction or sentence has become final. The defendant waives the right to contest his/her conviction or sentence by means of any post-conviction proceeding.

(D.E. 30 at ¶ 7 (emphasis in original).)  The agreement was signed by Flores and his counsel.  (D.E. 30 at 5.)

At Flores' rearraignment, the prosecutor summarized the written plea agreement, and included the statement: "And he's also giving up the right to collaterally attack the conviction or the sentence after that conviction or sentence has become final." (D.E. 46, Rearraignment Transcript ("R. Tr.") at 12.)  After the summary, Flores testified that he had read the plea agreement, that he understood it, that his attorney had read it to him in Spanish and that he had discussed it with his attorney.  (R. Tr. at 12.)

The Court also questioned Flores under oath to ensure that his plea was voluntary and knowing and to ensure that he understood and was voluntarily relinquishing his appeal rights and right to file a § 2255 motion.  Indeed, the Court specifically admonished Flores about his waiver:

> **THE COURT:** You also are giving up your right to file any petition under Title 28 of the United States Code, Section 2255, to vacate or contest your conviction and your sentence or correct the conviction or your sentence after they have become final.  Do you understand that?
>
> **THE DEFENDANT:** Yes, sir.  Yes, sir.
>
> **THE COURT:** And have you discussed with Mr. Jimenez whether or not you should give up those rights as well?
>
> **DEFENDANT:** Yes, sir.
>
> **THE COURT:** And do you want to give up your rights to file such a petition?

5

**DEFENDANT:** Yes, sir.

(R. Tr. at 14.)  Flores further testified that no one had threatened him or forced him to plead guilty, that no one had promised him leniency in exchange for his guilty plea, and that no one had promised him what his sentence would be.  (R. Tr. at 11, 14.)  He testified that it was his decision to plead guilty, and that he was pleading guilty because he was guilty.  (R. Tr. at 11.)

It is clear from the foregoing that Flores' waiver was knowing and voluntary.  See Fed. R. Crim. P. 11(b)(1)(N) (obligating court to ensure defendant understands any waiver of § 2255 rights and appellate rights prior to accepting his plea).

The Court sentenced Flores on March 23, 2006 to 135 months in the custody of the Bureau of Prisons, to be followed by a five-year term of supervised release, and imposed a $100 special assessment.  (D.E. 35, 40.)  Judgment of conviction and sentence was entered March 27, 2006.  (D.E. 40.)

Consistent with his waiver of appellate rights, Flores did not appeal.  His § 2255 motion was received by the Clerk of this Court on November 20, 2006. (D.E. 42, 43.)  It is timely.

### III. MOVANT'S ALLEGATIONS

In his motion, Flores lists three grounds for relief.  First, he alleges that he was denied effective assistance of counsel because his counsel "rebuffed" Flores' verbal instructions to file a notice of appeal.  Second, he claims that his counsel was

constitutionally ineffective because he failed to argue for the application of "safety valve" relief pursuant to 18 U.S.C. § 3553(f). Third, he argues counsel was constitutionally ineffective because he did not apply for an application of "voluntary waiver of deportation" which would have resulted in a downward departure. He also urges that an evidentiary hearing be held to fully develop the facts. (D.E. 43 at 5-6.)

## IV. DISCUSSION

### A. 28 U.S.C. § 2255

There are four cognizable grounds upon which a federal prisoner may move to vacate, set aside or correct his sentence: (1) constitutional issues, (2) challenges to the district court's jurisdiction to impose the sentence, (3) challenges to the length of a sentence in excess of the statutory maximum, and (4) claims that the sentence is otherwise subject to collateral attack. 28 U.S.C. § 2255; United States v. Placente, 81 F.3d 555, 558 (5th Cir. 1996). "Relief under 28 U.S.C. § 2255 is reserved for transgressions of constitutional rights and for a narrow range of injuries that could not have been raised on direct appeal and would, if condoned, result in a complete miscarriage of justice." United States v. Vaughn, 955 F.2d 367, 368 (5th Cir. 1992). "[A] collateral challenge may not do service for an appeal." United States v. Frady, 456 U.S. 152, 165, 102 S. Ct. 1584, 1593 (1982).

The Court need not address whether Flores has procedurally defaulted his claims by failing to appeal. Rather, the Court concludes that he waived the claims he raises in his § 2255 motion. United States v. Wilkes, 20 F.3d 651 (5th Cir. 1994) (enforcing defendant's

7

voluntary and knowing waiver of § 2255 rights); United States v. McKinney, 406 F.3d 744 (5th Cir. 2005) (enforcing waiver of appeal rights)*.*

**B.      Waiver of § 2255 Rights**

It is clear from the rearraignment transcript that Flores understood that he was waiving his right both to appeal (except under certain circumstances) and to file any § 2255 motions, all that is required for a knowing waiver. See Wilkes, 20 F.3d at 653 (waiver is knowing if defendant understood he had a right, and understood he was giving it up). Flores' sworn statements in open court are entitled to a strong presumption of truthfulness. United States v. Lampaziane, 251 F.3d 519, 524 (5th Cir. 2001) (citing Blackledge v. Allison, 431 U.S. 63, 74 (1977)); Wilkes, 20 F.3d at 653 (citing Blackledge for same proposition). Indeed, the Fifth Circuit affords "great weight to the defendant's statements at the plea colloquy." United States v. Cothran, 302 F.3d 279, 283-84 (5th Cir. 2002). Those statements support a finding that Flores' waiver was knowing and voluntary.

Although Flores argues that his waiver of § 2255 rights is inapplicable because it cannot "extend to a sentence yet to be imposed," (D.E. 42 at 3), the Fifth Circuit has found otherwise. See United States v. Burns, 433 F.3d 442, 447-51 (5th Cir. 2005) (enforcing appeal waiver barring appeal of sentence entered into prior to sentencing). Flores' claims fall within the scope of his waiver. They all challenge the ineffectiveness of counsel at sentencing or appeal. Notably, none challenge the validity of his plea or his waiver; in fact Flores repeatedly affirms that he is not challenging his plea. (See D.E. 50 at 1 ("Petitioner

8

**does not** contest the actual plea and conviction") (emphasis in original); D.E. 45 at 3 (indicating that he seeks relief "without disturbing the plea agreement").) Thus, his claims are not properly before the Court. See generally Wilkes, supra; White, supra.

For the foregoing reasons, Flores' motion is barred in its entirety by his waiver and is therefore DISMISSED WITH PREJUDICE.

**C.    Certificate of Appealability**

An appeal may not be taken to the court of appeals from a final order in a habeas corpus proceeding "unless a circuit justice or judge issues a certificate of appealability." 28 U.S.C. § 2253(c)(1)(A). Although Flores has not yet filed a notice of appeal, this Court nonetheless addresses whether he would be entitled to a COA. See Alexander v. Johnson, 211 F.3d 895, 898 (5th Cir. 2000) (a district court may *sua sponte* rule on a COA because "the district court that denies a petitioner relief is in the best position to determine whether the petitioner has made a substantial showing of a denial of a constitutional right on the issues before that court. Further briefing and argument on the very issues the court has just ruled on would be repetitious.").

A COA "may issue...only if the applicant has made a substantial showing of the denial of a constitutional right." 28 U.S.C. § 2253(c)(2). "The COA determination under § 2253(c) requires an overview of the claims in the habeas petition and a general assessment of their merits." Miller-El v. Cockrell, 537 U.S. 322, 336 (2003).

9

To warrant a grant of the certificate as to claims that the district court rejects solely on procedural grounds, the movant must show both that "jurists of reasons would find it debatable whether the petition states a valid claim of the denial of a constitutional right ***and*** that jurists of reason would find it debatable whether the district court was correct in its procedural ruling." Slack v. McDaniel, 529 U.S. 473, 484 (2000) (emphasis added); see also United States v. Jones, 287 F.3d 325, 329 (5th Cir. 2002) (applying Slack to COA determination in context of § 2255 proceedings). It is unnecessary for the Court to decide whether Flores has stated a valid claim for relief, because he cannot establish the second Slack criterion. That is, reasonable jurists would not disagree that the claims raised in his motion are barred due to his waiver. Accordingly, Flores is not entitled to a COA.

## V. CONCLUSION

For the foregoing reasons, Flores' motion to vacate, correct, or set aside his sentence pursuant to 28 U.S.C. § 2255 (D.E. 42, 43) is DISMISSED WITH PREJUDICE. Flores is also DENIED a Certificate of Appealability.

Ordered this 6th day of April, 2007.

_____
HAYDEN HEAD
CHIEF JUDGE